Judge Ewing
delivered the Opinion of the Court.
Glasford having engaged Shockey to make a certain quantity of turnpike road, which being completed, Shockey brought suit on Glasford’s bond, for a balance due him, for the work. After the suit had been for sometime pending, the parties agreed, by articles of agreement in writing, that Shockey should dismiss the suit immediately, and pay all the costs except the defendant’s attorney’s fee. And the parties agreed to arbitrate a disputed balance of two hundred and eighteen dollars fifty two and a half cents, which was claimed by Shockey as unpaid; and to submit the same to the judgment and award of James W. Waddell, Jasper S. Morris and James Morris, who were to meet at Mayslick, at the request of the parties, between the 20th of May and 20th of Juné, 1834, (4< either party giving to the other six days notice, in writing, of the time of the meeting of the arbitrators, so that they may be prepared for the same;”) whose award in writing, or any two of them concurring, was to be obligatory on the parties, and to be sued on and collected in the same way as a promissory note, if not promptly paid. To which the parties attached their hands and seals.
Two of the arbitrators made out an award in writing, in which they state, that having met at Mayslick, on the 11th of June, 1834, and having heard the testimony pro-* duced by the parties, they consenting and agreeing to go into the arbitration of the matter in dispute, named in the written agreement, awarded that Glasford was indebted two hundred and eighteen dollars fifty two and a half cents, which they awarded' to Shockey.
Glasford having failed to pay the amount, and Shockey, *10 in the mean time, having died, his administrator brought ■an action of debt on the award for the same.
Declaration.
Pleas, issues, trial, judgment, & appeal.
The technicalities and niceties that were once favored in relation to arbitrations — now become favorites of of the law — are no longer allowed: hence many of the old adjudications on the subject, are not good authority.
"The declaration sets out the article of agreement, and •avers’the-award, and the time and place of making it; does not allege that notice was given, as required by ■the agreement, but avers, “ that the arbitrators did take ■upon themselves the burthen of said arbitration, and at the request of the parlies, and with their consent and approbation, did meet at Maysliek, at the county aforesaid, on the 11th day of June, 1834, and did, then and there, by and with the consent of said John Shockey, and the said ■defendant, proceed to investigate the matter to them submitted by the agreement aforesaid of said parties,” and awarded, &c.; and concludes by assigning, as a breach, -that the said Glasford had not paid the said sum of money awarded, &c. There was also an averment that the suit had been dismissed immediately, and the costs paid.
To this declaration, three pleas were filed, upon which issues were taken, and two others, which were demurred to, and the demurrers sustained.
On the trial of the issues, various instructions were asked by the defendant, and overruled by the Court, ■which will hereafter be noticed.
A verdict being found for the plaintiff, and a motion for a new trial overruled, a judgment was rendered thereon, from which the defendant has appealed to this Court.
We would first remark, that the mode of settling controversies b'y arbitration has, in modern times, become ■peculiarly the favorite of the law, and the ancient niceties and technicalities applied to it, have given away to a more rational and liberal construction, with a view to encourage and sustain this mode of putting an end to litigation. Hence it is, that many of the more ancient adjudications upon this subject, are found not to be good authority.
As'the demurrers to the pleas reach back to the first error in the pleadings, it will be proper first to enquire whether the declaration is good.
Where a submission to arbitration is by bond,, and thepayment of money is awarded, it may be recovered by-action of debt, either on the bond, by suit for the penalty, or on the award, for the mere sum awarded.
The pleadings where the action is for the penalty-
When the action is merely for the sum awarded, the bond is only used as evidenceofthe submission; and-if the bond is set out in a dec n in other respects appropriate for the recovery of the sum awarded, (not the penalty) that fact will not change the character of the action: setting out the bond will be only surplusage. And in this form of action, it is not material whether the submission was in writing, or by parol, or part in writing, and part by parol.
Where money is awarded to be paid, and the submission is by bond, it is said that there are two modes of declaring in debt, one on the bond, the other on the award. Kyd on Awards, 280. In the former mode, the order of pleading anciently observed, was, the plaintiff declared on the bond, as in ordinary cases of actions on a penal bind; the defendant then prayed oyer of the condition, which being set forth, he pleaded that the arbitrators made no award; then the plaintiff replied, not barely alleging that they did, but setting forth the award at large; and for the first time, assigning the breach by the defendant, and on that the whole question arose. This is said to be -a suit of debt on the bond, because the plaintiff goes for the recovery of the penalty, which is forfeited upon the breach of the condition, in failing to perform the award. And for that, debt lies, as well as for the sum awarded.
In the latter mode, the suit is brought for the sum of money awarded, and the bond is no further set out or used, than as evidence of the submission. But though in this form of declaring, the bond should be set out at large, it still will not change the character of the action. If, by the caption, averments, and assignment of breaches, it appears, that the object of the suit is to recover the sum of money awarded, it is still an action upon the award, and not upon the bond, or article of agreement. Kyd on Awards, 280 &c. 288; Appendix, 460, 446, &c.
' Tested by these rules, it is evident that the action in this case was not an action on the bond or article of agreement, but an action on the award, for the sum awarded in money. And it matters not whether the submission was in writing or in parol, or part in writing and and part in parol. The action of debt, in either case, lies for the money awarded.
It was not necessary for the plaintiff to have set out, at large, the article of agreement, in this form of declaring, and this fact has probably misled the counsel of the defendant, and induced him to treat the declaration as an action of debt on the bond, and applied those rules óf law to it, which are alone applicable to that form of declaring.
In debt for the penalty of an arbitration bond, an award must be shown, conforming substantially, to the submission prescribed in the condition, which cannot be changed, or added to, by parol. But when the action is on the award, and not fdr the penalty of the bond,if the declaration shows that the award is in conformity with, and justified by, the terms of submission (parol or written,) it is sufficient.
Parties having a dispute may, at any casual meeting, agree to an arbitration, and proceed with it at once; and, in such case, the fact that they had previously agreed, by written articles, to refer the same matter, would not affect the parol agreement, or an action of debt upon it.
In a case in 3 JVC on it was held, that “where the matter in contest arises upon a deed — where a writing is necessary to pass the right to the thing demanded, the submission must be by deed.” But there the question was whether a note under seal was payable in specie, or in depreciated paper. Here, it is whether the note has been paid'or not: and as payment might be proved by parol, it is held, that the submission might be by parol; and, as atí awaid in favor of defendant, would bar an action against him on the note, so an award againsl him, that he shall pay the money, will support an action for it.
*12 WHen an action of debt is brought on the bond for the penalty, the award must, in time, place and circumstance, substantially conform to, and pursue, the submission prescribed in the condition, and cannot be enlarged, changed or added to, by parol; for that would be to add to, enlarge or change the bond, which is the foun ■ dution of the action, and subject the defendant to the penalty, when the condition had not been broken, or to a liability of a recovery against him, in a suit on a bond as the bads of the action, when his liability, if it exists at all, rests upon another parol agreement, out of the condition of the bond, and distinct and. separate from it.
But as the action of debt lies on the award, whether the submission be in writing or parol, as the bond is not the foundation of the action, but the award, if enough is averred in the declaration, whether in parol or writing, to show that the award was in conformity to, and justified by, the submission and agreement, of the parties, it will suffice.
It is believed, that if the parties had never entered into the article, but, for the first time, had met at Mayslick, and by consent, had submitted the matters in contest to the arbitrators, and they had awarded in favor of the plaintiff, as they have done in this case, that an action of debt would lie for the sum awarded.
If so,; the fact that they had before' entered into a written article of submission, specifying certain terms of submission, cannot surely render an award upon a subsequent parol agreement, less obligatory, or less the foundation of an action of debt for the sum awarded. The only enquiry can be, is the award justified by the submission, parol or written, separately or together. If justified by either, or both taken together, it is sustainable, though not strictly in conformity to the first written submission.
We are aware that it has been determined by this Court, founded upon some ancient adjudications-, “that when the matter in contest arises on a .deed, in all such cases the submission must be by deed, because a specialty cannot be answered but by a specialty.” 3 Mon. 257. If the matter in contest goes to impeach, change *13 or abrogate the stipulations of a deed, such matter must, no doubt, be answered by deed. And to this éxtent only, has the decision in the above case gone. For the subject of contest was, whether a note under seal, should be paid in money, or Commonwealthls paper.
The attendance of a party at an arbitration, and his consent to proceed, will be a waiver of his right to previous notice ofthetime & place of meeting, and estop him from relying on the want of it, in a suit on the award.
then the award, In declaring upon an award, it is sufficient to state the controversy, in general terms, the agreement to refer it to, and abide the award of, such and such persons —without stating whether the agreement was in writing or not; , more m detail, and linally the breach. Under a declaration of that sort the articles'of submission, parol testimony of the agreement to submit, or of a change in the written agreement, of submission, may be used as evidence.
But the contest in this case, is whether the note had been paid. And as payment may be proved by parol, and even by the parol confession of the promisee, we presume the question of payment may be submitted by parol. And as an award in favor of the defendant that that the debt was paid, would in our judgment form a complete bar, to any proceeding upon the note after-wards; so an award in favor of the plaintiff, of a balance due, and that the defendant should,pay it, would sustain an action of debt for .the amount.
But waiving this consideration, we cannot doubt that, though the article of submission required notice to be given, that the parties, by agreeing before hand, upon a day, and meeting on the day, and going into the arbitration, may dispense with or waive formal notice, and would in a suit on the award, be estopped to deny it. As service of process might be dispensed with, by appearance, so notice of an arbitration may be dispensed with by an appearance, and agreement to go into the arbitration.
The declaration of the plaintiff in this case is informal, but in our opinion substantially good. It states more than was necessary, in setting forth at large the article of agreement.
It was sufficient in this form of suit, to have averred only in general terms¿ after stating the controversy, that the parties had submitted themselves to' stand to the award and determination of the named arbitrators, elected and chosen, by and between the parties, to award, &c. stating the terms in succinct form, without stating whether the submission was or was not in writing, and then set forth in more detailed form the award, and aver the breach. Kyd, 446. And the article, or any other *14 parol testimony ,of a subsequent agreement to submit, or qualification of the prior agreement, may be used as evidence of the submission.
the meeting, but deelam’n’showst a plea of want of notice, is no bar. One stipulation in an agreement was, that the pl’f Where a party sued upon an award, was entitled by the terms of the submission, to have notice of shoulddismisshis suit & pay costs: held that this was not a condition precedent, the non performance of which can affect the awarrl. An averment in a dec'n on the award, that ho did dismiss, &c. is mere surplusage: a plea traversing it, insufficient. Defendant’s remedy if plaintiff failed to dismiss &c. is by an action on the agreement.
The declaration sets forth enough to show that the matter in contest was submitted to the gentlemen who have awarded, by the mutual consent and agreement of the parties, who were present, agreeing to go into the arbitration, and to submit thereto. ■ Though the notice required by the article, is not averred in the declaration, enough is averred to show that it was dispensed with, by the subsequent agreement of the parties, and their consent to go into the arbitration, and the award set forth is within the terms of submission.
We therefore think the declaration is good.
The fourth plea alleges, in substance, that the plaintiff’s intestate did not dismiss the said suit, and pay all the legal costs, except the attorney’s fee of the defendant, as averred by him; neither had the defendant six day’s notice of the meeting of the arbitrators. Whether P-^ea>to Wj^ch a demurrer was sustained by the Cireuit Court, is good, presents the next question.
As to the latter branch of it, with respect to notice, the opinion of the Court has already been intimated.— Notice is not averred, nor is deemed essential to be averred, as enough is averred to show it was dispensed with. A plea, therefore, denying that the defendant had notice as required by the article, is no bar to the action. Nor do we regard the stipulation about the dismissal of the suit, and the payment of the costs, as a condition precedent which will effect the validity of the award. The award, or the performance of it, was not made by the terms of submission, to depend upon the prior dismissal of the suit and payment of the costs. The submission is absolute and unconditional, and the obligation to perform the award equally so. The stipulation is, therefore, one for the breach of which the defendant relied on, and must look to, the promise or covenant of the plaintiff.
It would not seem proper after the defendant had agreed to submit, and by consent and agreement had gone into the arbitration, when the award is against him, to turn round and say, that he is not bound by it, be *15 cause his adversary had not performed some othe'r stipulation, which he had undertaken to do, before the award was made. We think, therefore, that the stipulation to dismiss and pay the costs, was not material nor necessary to be averred, and being averred, its denial in the plea, can form no bar to the action.
Plea, that the awanl sued on, was made under a parol submission, while there was a written one in force — insufficient, according to the principles supra
Instructions asked — not consistent with the principles above settled, abstract &c.
The fifth plea, after setting forth a history of the case, avers “that the parties made a parol agreement to submit, and the award relied on was made under the parol agreement, and no.t under the written agreement, and is void, and the amount cannot be recovered on it.”
From what has been already remarked in relation to the nature of this action, it is believed that this plea is bad. But if good, it appears from the issues tried and the whole record, that the defendant has not been prejudiced by its rejection.
The first, second, third and seventh instructions asked by the defendant’s counsel, and refused by the Court, are directly in conñict with the principles above settled, and need not further be noticed.
The fourth, fifth, and sixth instructions, are abstract, having no evidence to rest on, and might properly be rejected by the Court. Blair proved that Shockey agreed, that, if Glasford would go into the arbitration on the day they met, he would not attempt to prove that the signature to a receipt which Glasford held, was not his hand-writing, and upon those terms they agreed to go into the arbitration.
No evidence proves that he, Shockey, proved, or attempted to prove, that the signature to the receipt was not his hand-writing. The instructions are, therefore, based on a fictitious state of facts, and were properly rejected.
The testimony in the cause substantially sustains the averments of the declaration.
It is proven that the parties > met on a previous day, and agreed to meet on the day designated in the a'ward, and did meet and go into the arbitration on that day, by mutual consent and agreement. Something was said about the notice, and also about the dismissal of the suit, and payment of the costs, after the parties met, but *16 both were waived, upon the promise of Shockey to dismiss the suit and pay the cost, and the case thereupon immediately submitted to the hearing of the arbitrators, by the express agreement of the parties, Shockey agreeing not to prove that the signature to the receipt before referred to, was not his hand-writing, which was in no particular, violated in the progress of the case. There is no reason, therefore, for a new trial upon the ground of a defect of proof.
In debt on a penal bond, or single bill [in this state 1 if the jury find the debt &. nominal damages, judgment is entered for current interest, also. A jury may give interest, in damages, on ajudg't; and so may the court, whore it renders judg’t, in such a case, without a jury. A penal bond or bill carries interest at common law; and our statute has extended the rule to all specialties, bills or notes in writing, ascertaining the demand, A debt was claim edas duebynote; defence — payment ;referrence, and award for a certain sum to be paid by the promissor; action on the award: held that, ajudg’t for current interest on the sum awarded, from the dateofthe award, was proper.
The only remaining question is in relation to the interest. The jury found for the plaintiff the two hundred and eighteen dollars fifty two cents — the debt in the declaration mentioned, and one cent in damages. Judgment was rendered for the slim found, with current interest from the date of the award; and it is objected that interest was improperly allowed.
In the case of Taul vs. Moore, Hardin 92, and Gore vs. Buck, 1 Monroe, 210, it is settled, that if a jury, in an action upon a single bill, or penal bond, find the debt, with nominal damages, judgment should be entered for the debt, with legal interest from the time it became due, and the damages found.
And in-the case of Smith’s Administrator vs. Todd’s Executor, 3 J. J. Marshall, 306, this Court said, that as a jury might give interest on a judgment in damages, by a parity of reason, the Court might render judgment for interest up to the time of rendering the second judgment.
And a bond, or bill, with a penalty, carried current interest at common law, and a judgment might be rendered for the same; which rule of law was extended by our statute of 1799, (Stat. Law, 853,) to all specialties, bills or notes in writing ascertaining the demand.
Now, the oi'iginal demand, was a stipulated sum of money, claimed to be due from Glasford to Shockey, secured by a specialty, and upon which an action of debt would lie for the balance due, in which a judgment would be rendered for current interest.
In such a case, the award having ascertained and fixed the amount due and payable on the day of its date', it *17 would seem just and proper, and incompatible with no rule of reason, or of law known to. us, to render judgment for interest from the date of the awar'd.
As the specialty by which the debt was secured, or a -judgment thereon would carry interest, so should the award.
It is, therefore, the opinion of the Court that the judgment of the Circuit Court be affirmed.